IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARYL P. HOLMAN,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, and NYLINK INSURANCE AGENCY INCORPORATED, and DOES I-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO INTERVENE<br><br><br><br>Case No. 2:10-CV-490 TS |

## I. INTRODUCTION

This matter is before the court on Movant Hill, Johnson & Schmutz, L.C.'s ("Intervernor") Motion to Intervene.[1] Intervernor previously represented Daryl Holman ("Plaintiff") in the current action against New York Life Insurance Company ("Defendant"), which relates to an insurance policy on which Plaintiff is allegedly a beneficiary. Intervernor contends that Plaintiff promised to pay Intervernor an hourly fee and to cover Plaintiff's deceased brother's prior unpaid legal expenses owed to Intervernor, as consideration for retaining Intervernor's services in the above-mentioned dispute. Plaintiff subsequently retained

---

[1]Docket No. 11.

1

new counsel. After Plaintiff failed to respond to requests for payment, Intervernor filed an attorney's lien, pursuant to Utah Code Ann. § 38-2-7. Intervernor now seeks to intervene in the present action under Rule 24 of the Federal Rules of Civil Procedure as a matter of right or, in the alternative, permissively. Having considered the motion, the Court will deny the motion for the reasons set forth below.

## II. DISCUSSION

Rule 24(a) requires a court, on timely motion, to

> permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may, as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[2]

Alternatively, under Rule 24(b), a court may, but is not required to, permit on timely motion anyone to intervene who "is given a conditional right of intervention by a federal statute, or has a claim or defense that shares with the main action a common question of law or fact."[3]

### A. MANDATORY INTERVENTION

As to the first prong of Rule 24(a), Intervenor has not been granted an unconditional right to intervene by federal statute and should not be allowed to intervene on this basis. Neither Intervenor's motion nor his supporting memoranda cites to any federal statute, let alone one that would grant him an unconditional right to intervene. Rather, Intervenor cites to Utah R. Civ. P. 24(a)(1), which mirrors Rule 24(a)(1) of the Federal Rules, except that it requires a court to

---

[2] Fed. R. Civ. P. 24(a).

[3] *Id.* at 24(b)(1)

2

allow intervention if any *state* statute gives an unconditional right to intervene. Intervenor then references Utah Code Ann. § 38-2-7, which, he argues, "provides Intervenor the unconditional right to intervene."[4]

However, as Intervenor has sought intervention in a federal case, the Federal Rules of Civil Procedure govern[5] and the unconditional right to intervene must come from a federal statute.[6] Thererfore, Intervenor's argument that he should be allowed to intervene because a state statute gives him the unconditional right to do so fails and Intervenor's request to intervene under Rule 24(a)(1) is denied.

Intervenor's request under Rule 24(a)(2) is likewise denied because, even if he has a sufficient interest in the action and his ability to protect that interest would be impeded, Plaintiff's current counsel will be able to adequately represent that interest. Rule 24(a)(2) requires a court to grant a motion to intervene if the movant "claims an interest relating to the property or transaction that is subject to the action, and is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[7]

In determining whether a movant's interest is adequately represented by existing parties, a court may consider whether the movant would contribute to the action in a manner that the existing parties could not, but the nature of the relationship between the parties and the movant is

---

[4] Docket No. 18, at 3.

[5] *See* Fed. R. Civ. P. 1.

[6] *Id.* at R. 24(a)(1).

[7] *Id.* at 24(a)(2).

irrelevant to the inquiry.[8]  In *Kane County, Utah v. United States*, the district court denied a conservation group's motion to intervene.[9]  It reasoned that the conservation group failed to "'proffer any evidence to which it would have access . . . that [w]as not available to the [federal government],' or 'present evidence that it ha[d] any special expertise, experience, or knowledge . . . that would not be available to the [federal government].'"[10]  The Tenth Circuit affirmed the district court, holding that the conservation group "failed to establish that its interest in the . . . case [would] not be adequately represented by the federal government," despite the conservation group's argument that it had "adversarial relations" with the federal agency on whose side the group was attempting to intervene.[11]

Here, Intervenor has similarly failed to show why Plaintiff and his current counsel will not be able to adequately represent Intervenor's interest in the action.  Intervenor has made no showing that it has evidence, expertise, experience, or knowledge that otherwise would not be available to Plaintiff and his counsel.  Intervenor only asserts that it "prefers to protect its own interests from Plaintiff (and his counsel) who are adverse to Intervenor."[12]  While this may be true, it is not enough to show that Plaintiff would fail to adequately represent Intervenor's interest in the action.  Whatever the nature of their relationship, Intervenor and Plaintiff have an identical interest in the case—a judgment for Plaintiff.  Because Intervenor's interest will be

---

[8] *See Kane County, Utah v. United States*, 597 F.3d 1129, 1132 (10th Cir. 2010).

[9] *Id.*

[10] *Id.* at 1135.

[11] *Id.* at 1134.

[12] Docket No. 18, at 5.

adequately represented, Intervenor's motion to intervene as a matter of right under Rule 24(a)(2) is denied.

B.	PERMISSIVE INTERVENTION

Intervenor's motion to intervene permissively will likewise be denied. Rule 24(b)(1) states that "a court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."[13] The court has discretion, and it "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights."[14]

Here, the same considerations that factor into denying Intervenor's motion to intervene as of right should factor into denying its motion for permissive intervention, as these factors weigh on whether the intervention will unduly delay the adjudication. The Court again notes that Plaintiff and his current counsel can adequately represent that interest, as they are seeking the same outcome. Intervenor has not shown that it will be able to add to the action in a manner that will allow it to more effectively protect its interest. Rather, Intervenor's presence only has the potential to add to the length and complexity of the action, which would unduly delay and potentially prejudice the adjudication of the existing parties' rights. Moreover, the Court notes that Intervenor has a statutory right to enforce his lien by separate action.[15] Therefore, Intervenor's request to intervene under Rule 24(b)(1) is denied.

---

[13] Fed. R. Civ. P. 24(b)(1).

[14] *Id.* at 24(b)(3).

[15] The Utah Supreme Court, in applying the Utah attorney's lien statute, has suggested "that in the absence of special circumstances . . ., counsel [should] bring a separate action against his client" to enforce a lien. *Ostler v. Butler*, 989 P.2d 1073, n.3 (Utah 1999) (citation omitted).

## III. CONCLUSION

It is therefore

ORDERED that Movant and Intervenor Hill, Johnson, & Schmutz, L.C.'s Motion to Intervene (Docket No. 11) is DENIED.

DATED   November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge