IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARYL P. HOLMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a Delaware corporation; NY LINK INSURANCE AGENCY INCORPORATED, a Delaware corporation; and DOES I-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:10-CV-490 TS |
| NEW YORK LIFE INSURANCE COMPANY, a Delaware corporation<br><br>Counterclaimant in Interpleader,<br><br>vs.<br><br>DARYL P. HOLMAN, an individual; and STACY HOLMAN, an individual;<br><br>Counterclaim/Interpleader Defendants. | |

I. INTRODUCTION

The Court has before it Plaintiff, Interpleader Defendant, and Counterclaim Defendant Daryl Holman's ("Daryl Holman") Motion for Summary Judgment on (1) New York Life Insurance Company's ("NYL") Counterclaim in Interpleader, and (2) Stacy Holman's Counterclaims Against Daryl Holman.[1] Therein, Daryl Holman argues that Stacy Holman's contentions that she is the rightful beneficiary of a life insurance policy issued by NYL on the life of Taylor Holman fail as a matter of law and the Court should, therefore, enter summary judgment in his favor.

Also before the Court is Interpleader NYL's Motion to Deposit Funds for Interpleader.[2] NYL represents to the Court that it "makes no claim to ownership of the Policy Benefit, and is prepared to deposit the sum of $1,292,233.00, plus interest from the date of the Insured's death, into the registry of the Court upon issuance of an appropriate order by this Court."[3] NYL requests this Court grant it leave to deposit the life insurance benefit into the registry of the Court until the Court resolves the competing claims to the benefit.

Having reviewed the parties respective arguments, the Court will grant Daryl Holman's Motion for Summary Judgment. Prior to his death, Taylor Holman changed the beneficiary on his life insurance policy from Stacy Holman to Daryl Holman. The Court finds that Stacy Holman's claim that she is entitled to equitable distribution of the life insurance benefit fails as a

---

[1]Docket No. 35.

[2]Docket No. 34.

[3]*Id.* at 2.

matter of law. The Court further finds that Stacy Holman's attempt to "take her elective share" fails as a matter of law. Finally, the Court finds that Stacy Holman fails to raise a genuine issue of fact on her claim that Taylor Holman was incompetent at the time he made this change. Daryl Holman's Motion for Summary Judgment will, therefore, be granted.

Because the Court will grant Daryl Holman's Motion, and thereby resolve the dispute between Daryl Holman and Stacy Holman, NYL's Motion to Deposit Funds is moot. The Court will, therefore, deny NYL's Motion.

## II. UNDISPUTED FACTS

Taylor Holman married Stacy Holman on February 25, 2006. Shortly thereafter, Taylor and Stacy Holman acquired several life insurance policies from NYL, including a whole life insurance policy issued on June 20, 2006, Policy No. 48 352 476, on the life of Taylor Holman (the "Policy"). At the time the Policy was issued, Stacy Holman was named as the beneficiary.

The terms of the Policy allowed Taylor Holman to change his beneficiary at any time while he was living. Any change of beneficiary would take effect on the date Taylor Holman signed a change of beneficiary form.

By approximately May 2009, Taylor Holman and Stacy Holman had separated due to serious marital conflicts. Taylor Holman filed a Petition for Separate Maintenance in the Utah Fourth District on July 8, 2009. The parties did not reach an agreement and the case was dismissed by stipulation on August 25, 2009. On July 29, 2009, Stacy Holman filed for divorce in the Utah Fourth District. Taylor Holman, however, died in January 2010—before the divorce proceedings were completed.

During the pendency of the divorce, Taylor Holman met with NYL agent Michael Reese to change the beneficiary of the Policy. On September 29, 2009, in compliance with the relevant Policy terms, Taylor Holman changed the beneficiary of the Policy to his brother, Daryl Holman.

After Taylor Holman passed away on January 4, 2010, NYL agent Michael Reese notified Daryl Holman that he was the beneficiary under the Policy and assisted him in completing the claim form, which form was delivered to NYL on or about January 11, 2010. On or about February 16, 2010, Stacy Holman sent a letter to NYL asserting a right to any benefit under the Policy.[4]

The present action was removed to this Court on May 26, 2010. In his Complaint, Daryl Holman brings claims against NYL for breach of contract, breach of covenant of good faith and fair dealing, and breach of fiduciary duty.[5] In its answer and counterclaim, NYL seeks to interplead the Policy benefit.[6] Daryl Holman then filed a crossclaim against Stacy Holman for intentional interference with contractual relationship.[7] Stacy Holman counterclaimed against Daryl Holman, seeking a declaratory judgment that the Policy is marital property subject to

---

[4] Although irrelevant to the present Motion, NYL disputes any inference that this communication was Stacy Holman's first communication with NYL regarding her claim that she is the beneficiary of the Policy.

[5] Docket No. 1, Ex. 3.

[6] *See* Docket Nos. 3 & 4.

[7] Docket No. 9.

4

equitable distribution, an establishment of a constructive trust, and a declaratory judgment that Taylor Holman was incompetent to change his beneficiaries.[8]

NYL filed a Motion to Deposit Funds. Shortly thereafter, Daryl Holman filed his Motion for Summary Judgment, seeking an entry of summary judgment in his favor on Stacy Holman's counterclaims and NYL's claim for interpleader.

### III. MOTION FOR SUMMARY JUDGMENT

A. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute of material fact and it is entitled to judgment as a matter of law.[9] In considering whether genuine dispute of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[10] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[11] In opposing a motion for summary judgment, "[t]he nonmoving party 'may not rest upon the mere allegations or denials of his pleadings' to avoid summary judgment."[12]

---

[8] Docket No. 48.

[9] *See* Fed.R.Civ.P. 56(a).

[10] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[11] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[12] *Baccus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Anderson*, 477 U.S. at 248).

B.    DISCUSSION

Daryl Holman contends that he is entitled to summary judgment on NYL's claim for interpleader because he is the named beneficiary on the Policy. Daryl Holman further contends that he is entitled to summary judgment on Stacy Holman's counterclaims because (1) the policy is not marital property, (2) there is no legal basis for imposing a constructive trust, and (3) Taylor Holman was legally competent at the time he changed the beneficiary of the Policy.

At the outset, the Court can quickly resolve Daryl Holman's contentions that he is the named beneficiary on the Policy and that there is no legal basis for imposing a constructive trust. In their separate oppositions, neither NYL nor Stacy Holman dispute that Daryl Holman was the named beneficiary on the Policy at the time of Taylor Holman's death. Because there is no dispute on that fact, the Court need not further address this issue.

In Stacy Holman's opposition, she fails to defend her constructive trust claim. As Stacy Holman has failed to show a genuine dispute on the essential elements of a constructive trust claim—a wrongful act by Daryl Holman, which resulted in his unjust enrichment of specific property traceable to the wrongful behavior[13]—the Court finds that summary judgment is appropriate in favor of Daryl Holman on this claim.

This leads the Court to the contested issues in this matter. In Stacy Holman's opposition, she focuses her arguments on three main points: (1) that she is entitled to an equitable share of the Policy benefit; (2) she is entitled to take her elective share of Taylor Holman's augmented

---

[13] *See Wilcox v. Anchor-Wate, Co.*, 164 P.3d 353, 362 (Utah 2007) ("Courts recognize a constructive trust as a matter of equity where there has been (1) a wrongful act, (2) unjust enrichment, and (3) specific property that can be traced to the wrongful behavior.").

estate, which includes the Policy benefit; and (3) that the change of beneficiary was invalid because Taylor Holman was not legally competent at the time he changed the beneficiary of the Policy. She contends that these contentions raise a sufficient issue of material fact to preclude entry of summary judgment. The Court will address each of these arguments in turn.

1. *Equitable Share*

Stacy Holman contends that summary judgment is not appropriate because there is a genuine issue of material fact as to whether she is equitably entitled to a share of the Policy benefit. Stacy Holman argues that she is entitled to an equitable share of the benefit of the Policy because the premium was paid with money that, at least in part, belonged to her. Without any citation to supporting legal authority from this state, Stacy Holman asserts that, under general principles of equity and fairness, a Policy purchased with a portion of her money belongs to her. Stacy Holman further contends that her equitable claim is bolstered by her understanding that her money would be used to insure Taylor Holman's life for the security of herself and their child.

As noted by Daryl Holman, however, the Utah Supreme Court has explicitly rejected such arguments. In *In re Knickerbocker*, the Court reiterated that "it will not consider the origin of the premium payments in determining whether an insured accomplished a change of beneficiary."[14] Instead, "a beneficiary has a mere expectation and cannot interfere with the owner's right to change beneficiaries."[15] This principle "is true even if the insurance policy at issue was obtained

---

[14] 912 P.2d 969, 981 (Utah 1996).

[15] *Id.*

as part of a marital estate plan."[16] Thus, Stacy Holman's equitable share claim based on the source of the Policy premium is not recognized under Utah law.

The Court further notes that accepting Stacy Holman's argument would drastically alter the long held understanding that "[i]t is the law of contracts that is controlling in determining who the insured intended to be the beneficiaries, not the law of inheritance."[17] To adopt Stacy Holman's equitable share claim would require this Court to reject the contractual expectations of the insured and establish a precedent which would allow any party who arguably assisted in paying an insured's premium to bring a claim for an equitable portion of the benefit. Such a holding would unjustifiably call into question the primacy of the plain language of a life insurance policy and instead establish a regime where collateral equitable considerations govern the ultimate distribution of any policy benefit. The Court refuses to accept an argument with such wide-sweeping consequences.

Based on the foregoing, the Court finds that Stacy Holman's equitable share claim fails as a matter of law.

 2. *Elective share*

In the alternative, Stacy Holman argues that she should be entitled to take her elective share under Utah Code Ann. § 75-2-205. Stacy Holman contends that, pursuant to this statute, a surviving spouse has the election of taking a share of the augmented estate.

---

[16]*Id.*

[17]*Proctor v. Ins. Co. of N. A.*, 714 P.2d 1156, 1158 (Utah 1986).

The Court finds that Stacy Holman has never pled this ground for relief in her answer and counterclaim.[18] As Stacy Holman's elective share claim seeks affirmative relief from this Court, it was necessary for her to plead such relief prior to raising the issue in her opposition.[19] Therefore, Stacy Holman is procedurally barred from raising this claim.

Moreover, even if Stacy Holman had properly pled this claim, it would nonetheless fail as a matter of law. While the Utah Code may allow a surviving spouse to take her elective share, this claim must be maintained in the appropriate probate proceedings. A probate action was opened on September 9, 2010, and is currently pending before the Utah Fourth District Court. If Stacy Holman desires to file an elective share claim against Taylor Holman's estate, she must do so in the appropriate court having jurisdiction over the subject matter.

2.   *Legal Competency*

Stacy Holman further argues that summary judgment is inappropriate because genuine issues of material fact exist as to Taylor Holman's legal competency at the time he changed the beneficiary of the Policy. To have legal capacity to designate a life insurance policy beneficiary, the insured must have testamentary capacity.[20] To have testamentary capacity, "one must be able to (1) identify the natural objects of one's bounty and recognize one's relationship to them, (2) recall the nature and extent of one's property, and (3) dispose of one's property understandingly,

---

[18] *See* Docket No. 22.

[19] *See* Fed.R.Civ.P. 8(a)(2).

[20] *Bergen v. Travelers Ins. Co. of Ill.*, 776 P.2d 659, 664 (Utah Ct. App. 1989).

according to a plan formed in one's mind."[21]  Importantly, "[a] testator is presumed competent . . . and the burden of proof of testamentary incapacity is on the contestants of [the Policy]."[22]

Stacy Holman contends that several occurrences before and after the date Taylor Holman signed the beneficiary change form call into question his competency.  Starting on January 4, 2009, and again on March 13, 2009, Taylor Holman was admitted to hospitals for psychiatric reasons relating to stress and anxiety.  Again on July 4, 2009, to July 5, 2009, Taylor Holman received inpatient psychiatric treatment and was prescribed a therapist.  On September 4, 2009, and again on October 10, 2009, Taylor Holman visited an emergency room for heart palpitations relating to stress and anxiety.  Throughout this time period, Stacy Holman also alleges that Taylor Holman was on prescription pain medication.

In addition to these medical conditions, Stacy Holman notes that on August 10, 2009, Taylor Holman was arrested for violating a protective order issued during the divorce proceedings. On August 29, 2009, he was arrested for sexual battery and domestic violence charges.  On September 24, 2009, and again on September 26, 2009, he was arrested for concealed weapon charges and violation of a protective order.

Stacy Holman contends that these incidents and circumstances sufficiently call into question Taylor Holman's legal competency.  The Court notes that none of the provided incidents occurred on the actual date Taylor Holman signed the beneficiary change form.  Thus, Stacy Holman must demonstrate how these sporadic incidents, spanning nearly a year,

---

[21]*Matter of Estate of Kesler*, 702 P.2d 86, 88 (Utah 1985).

[22]*Id.*

sufficiently calls into question Taylor Holman's competency on September 29, 2009, to survive a motion for summary judgment.

In reviewing her arguments, the Court finds that Stacy Holman fails to demonstrate how these ailments and incidents affected Taylor Holman's ability to appreciate the nature and extent of his bounty or his ability to dispose of this bounty understandingly on September 29, 2009. At most, Stacy Holman has demonstrated that Taylor Holman had physical, emotional, and legal difficulties in the months prior to and following his signing of the change of beneficiary form. The Court finds that such, standing alone, is insufficient to raise a genuine issue of material fact as to Taylor Holman's testamentary capacity on September 29, 2009.

At oral argument, Stacy Holman relied heavily upon the Utah Supreme Court's decision in *Bergen* to argue that summary judgment is inappropriate in this matter.[23] In *Bergen*, the court found that the trial court had erred in granting summary judgment when conflicting facts as to the decedent's competency existed in the record, including:

> sworn evidence before the trial court that the decedent was a chronic alcoholic who had previously been in treatment but had recently resumed his problem drinking, was suicidal, exhibited unpredictable antisocial behavior, was unable to complete simple tasks, made bad investment decisions, and exhibited drastic mood swings, as well as other examples of inappropriate behavior at the time he changed the beneficiaries on his life insurance policy.[24]

The court held that these factual disputes should have been resolved by a jury and reversed the district court's entry of summary judgment.[25]

---

[23] 776 P.2d at 664.

[24] *Id.* at 665.

[25] *Id.*

On the authority of *Bergen*, Stacy Holman argues that summary judgment is inappropriate because similar factual disputes exist as to Taylor Holman's competency, which disputes must be resolved by the appropriate fact-finder. The Court, however, finds the instant action readily distinguishable from *Bergen*. Unlike the decedent in *Bergen*, there is no evidence that Taylor Holman suffered from unpredictable antisocial behavior, drastic mood swings, or an inability to complete simple tasks or make good investment decisions at the time he made his change in beneficiary. Instead, the only evidence on the record of Taylor Holman's testamentary capacity on September 29, 2009, demonstrates that he was competent at the time he executed the change of beneficiary form.[26] Both of the affiants who witnessed Taylor Holman execute the change of beneficiary form on September 29, 2009, testified that he appeared competent at that time and noted no unusual behavior.[27] Likewise, Taylor Holman's friend and business partner who observed Taylor Holman on September 29, 2009, has testified that Taylor Holman appeared competent on that date and was able to conduct his business affairs as usual.[28]

Stacy Holman has failed to bring forth evidence to dispute this clear testimony. The Court, therefore, finds that Stacy Holman has failed to raise a genuine issue of material fact as to Taylor Holman's legal competency at the time he executed the change of beneficiary form.

---

[26]*See* Docket No. 36, Exs. C, G, & I.

[27]*Id.* at Exs. C & G.

[28]*Id.* at Ex. I.

C. CONCLUSION

Because Stacy Holman's equitable and elective share claims fails as a matter of law, and because she has failed to raise a genuine dispute as to Taylor Holman's legal competency at the time he executed the change of beneficiary form, the Court will grant Daryl Holman's Motion for Summary Judgment.

IV. MOTION TO DEPOSIT FUNDS

NYL, as interpleader, has sought by motion to deposit the Policy benefit with the registry of the Court. Because the Court will grant Daryl Holman's Motion, and thereby resolve the dispute between Daryl Holman and Stacy Holman, NYL's Motion to Deposit Funds is moot. The Court will, therefore, deny NYL's Motion.

V. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Daryl Holman's Motion for Summary Judgment (Docket No. 35) is GRANTED. It is further

ORDERED that NYL's Motion to Deposit Funds for Interpleader (Docket No. 34) is DENIED AS MOOT.

DATED  May 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge