IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARYL P. HOLMAN, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a Delaware corporation, NYLINK INSURANCE AGENCY INCORPORATED, a Delaware corporation, and DOES I-X,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER ON REQUEST FOR ENTRY OF JUDGMENT<br><br><br>Case No. 2:10-CV-490 TS |

This matter is before the Court on Defendants New York Life Insurance Company and Nylink Insurance Agency Incorporated's (collectively "Defendants" or "NYL") Request for Entry of Judgment and Award of Costs as Prevailing Party. Plaintiff Daryl Holman has filed an Objection, arguing that he was also a prevailing party and should be awarded costs.

I. BACKGROUND

On April 22, 2010, Plaintiff filed suit in state court against NYL, seeking the benefit of a life insurance policy ("the Policy") in the name of Taylor Holman ("the Insured"), who passed away earlier that year. The action was removed to this Court on May 26, 2010. In its Answer, NYL stated that, due to an ongoing police investigation and a claim of entitlement to the Policy benefit by the Insured's sister Stacy Holman, there was "uncertainty regarding the rightful

recipient of all or a part of the Policy Benefit."[1]  NYL therefore sought to interplead the Policy benefit until the Court determined the rightful recipient of the funds.

On May 17, 2011, the Court held that Taylor Holman was the rightful recipient. However, Stacy Holman continued to have a right to appeal this judgment until she waived her rights to appeal through releases between 1) Stacy Holman and Daryl Holman; and 2) Stacy Holman and NYL.  Soon after Plaintiff sent NYL the releases, Plaintiff filed a Motion for Summary Judgment, wherein he argued that he was immediately entitled to the Policy benefit in light of Stacy Holman's waivers.  NYL paid Plaintiff the Policy benefit soon thereafter, plus 3.5 percent interest on the entire benefit from the date of death.

Plaintiff's remaining claims were for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.  On January 26, 2012, the Court granted summary judgment in favor of NYL and against Plaintiff on all three claims.

## II. ANALYSIS

Under Fed. R. Civ. P. 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Plaintiff argues that NYL was only partially successful and that he was also a prevailing party, as NYL ultimately paid Plaintiff the policy benefit.  However, this overlooks the fact that NYL stated in its initial Answer: "New York Life makes no claim to ownership of the Policy Benefit, and is prepared to deposit the sum of $1,292,233.00, plus interest from the date of the Insured's death, into the registry of the Court."[2]  The Court also held that Plaintiff's claim to the Policy benefit was fairly debatable and that NYL did not breach the covenant of good faith and

---

[1] Docket No. 3, at 14.

[2] *Id.* at 15.

fair dealing with respect to its handling of the Policy benefit. Furthermore, the Court finds that much of the delay in ultimately receiving the Policy benefit is attributable to time spent on discovery and briefing of Plaintiff's unsuccessful claims against NYL. Therefore, the Court finds that NYL is the prevailing party and is entitled to costs.

### III. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Defendants' Request for Entry of Judgment and Award of Costs as Prevailing Party (Docket No. 127) is GRANTED. It is further

ORDERED that Plaintiff's Request for Award of Costs or Apportionment of Costs (Docket No. 128) is DENIED.

The Court will enter judgment by separate Order. The Clerk of the Court is directed to tax costs against Plaintiff and close this case forthwith.

DATED   May 15, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge