IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARYL P. HOLMAN,<br><br>     Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING NEW YORK LIFE'S MOTION PURSUANT TO FED. R. CIV. P. 58(e) FOR ITS MOTIONS FOR ATTORNEY'S FEES TO HAVE THE SAME EFFECT UNDER FED. R. APP. P. 4(a)(4) AS A TIMELY MOTION UNDER RULE 59, DENYING NEW YORK LIFE'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e), DENYING NEW YORK LIFE'S MOTION FOR RECONSIDERATION OF ITS MOTION TO RECOVER ITS ATTORNEY'S FEES AS AN INTERPLEADER, AND GRANTING NEW YORK LIFE'S MOTION FOR ATTORNEY'S FEES PURSUANT TO RULES 26 AND 37 |
|      vs. | |
| NEW YORK LIFE INSURANCE COMPANY, a Delaware corporation; NYLINK INSURANCE AGENCY INCORPORATED, a Delaware corporation,<br><br>     Defendants. | Case No. 2:10-CV-490 TS |

1

This matter is before the Court on the following motions by Defendant New York Life ("NYL"): (1)  Motion Pursuant to Fed. R. Civ. P. 58(e) for its Motions for Attorney's Fees to Have the Same Effect Under Fed. R. App. P. 4(a)(4) as a Timely Motion Under Rule 59; (2) Motion for Reconsideration of its Motion to Recover its Attorney's Fees as an Interpleader; (3) Motion to Alter or Amend Judgment Pursuant to Rule 59(e); and (4) Motion for Attorney's Fees Pursuant to Rules 26 and 37.  For the reasons discussed below, the Court will grant NYL's Motion for Attorney's fees Pursuant to Rules 26 and 37, grant NYL's Motion Pursuant to Fed. R. Civ. P. 58(e), and deny NYL's remaining motions.

## I.  BACKGROUND

This case was removed to this Court on May 26, 2010, and arises out of a dispute over the rights to payment pursuant to a life insurance contract on the life of Taylor Holman.[1]  In his complaint, Plaintiff Daryl Holman brought claims against NYL for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.[2]  In its answer and counterclaim, NYL sought to interplead the Policy benefit.[3]  Plaintiff then filed a crossclaim against Stacy Holman for intentional interference with a contractual relationship.[4]  Stacy Holman counterclaimed against Daryl Holman, seeking a declaratory judgment that the Policy was

---

[1]Docket No. 126, at 2-3.

[2]Docket No. 1 Ex. 3.

[3]*See* Docket Nos. 3, 4.

[4]Docket No. 9.

marital property subject to equitable distribution, an establishment of a constructive trust, and declaratory judgment that Taylor Holman was incompetent to change his beneficiaries.[5]

On March 9, 2011, NYL filed a motion to deposit funds.[6]  Shortly thereafter, Daryl Holman filed his motion for summary judgment, seeking judgment in his favor on Stacy Holman's counterclaims and NYL's claim for interpleader.  On May 17, 2011, this Court held that Stacy Holman was not entitled to any of the benefits under the Policy.[7]  In light of that decision, the Court also denied as moot NYL's motion to deposit funds for interpleader.  The remaining issues on the crossclaim between Daryl Holman and Stacy Holman were resolved through settlement, and the crossclaim was dismissed on September 8, 2011.[8]

On May 19, 2011, Daryl Holman filed a motion for entry of judgment.  In this motion, Daryl Holman argued that the Court's May 17, 2011, decision "establishes NYL's liability to pay the $1,292,233.00 life insurance policy benefit to Plaintiff," plus interest that has accrued on that amount.[9]  The next day, Defendants NYL and Nylink filed a joint motion for summary judgment on Daryl Holman's claims against them.[10]  In response to this motion, Daryl Holman filed a

---

[5]Docket No. 48.

[6]Docket No. 34.

[7]Docket No. 54.

[8]Docket No. 105.

[9]Docket No. 55, at 2-3.

[10]Docket No. 57.

motion for extension of time to complete discovery.[11]  Defendants then filed a motion for

protective order, arguing that certain documents that Plaintiff requested in his motion for an

extension of time to complete discovery are "not relevant to any claim or defense in this

lawsuit."[12]

NYL filed a motion to reconsider, requesting that the Court allow NYL to deposit the

funds for interpleader, as Stacy Holman could have still appealed her case, leading to potential

liability by NYL for funds it had already disbursed.[13]  Plaintiff filed a motion for summary

judgment on both his breach of contract and breach of the covenant of good faith and fair dealing

claims against Defendants.[14]  Finally, Defendants filed a motion to strike as untimely exhibits Q

and R attached to Plaintiff's reply memorandum in support of motion for summary judgment.

On January 26, 2012, the Court issued an order denying Plaintiff's motion for

enlargement of completion of discovery, denying Plaintiff's motion for summary judgment,

granting in part Defendants' motion for summary judgment, denying Defendants' request for

attorney's fees as an interpleader, and denying Defendants' motion to strike and motion for a

---

[11]Docket No. 62.

[12]Docket No. 74, at 3.

[13]Docket No. 77, at 2.

[14]Docket No. 106, at 2.

protective order as moot.[15]  On May 15, 2012, the Court entered judgment in favor of

Defendants,[16] and on June 12, 2012, Defendant NYL filed the Motions at issue here.


## II.  DISCUSSION

A.     MOTION PURSUANT TO FED. R. CIV. P. 58(e)

Fed. R. Civ. P. 58(e) provides that:

> if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may
> act before a notice of appeal has been filed and become effective to order that the
> motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as
> a timely motion under Rule 59.

Here, the required factors have been met and the Motion is unopposed.  NYL's Motions

for Attorney's Fees were timely filed pursuant to Rule 54(d)(2),[17] and the notice of appeal has not

yet become effective.[18]  Therefore, the Court will grant NYL's Motion Pursuant to Fed. R. Civ.

P. 58(e) for its Motions for Attorney's Fees to Have the Same Effect Under Fed. R. App. P.

4(a)(4) as a Timely Motion Under Rule 59.

B.     MOTION TO ALTER OR AMEND

NYL requests that the Court reconsider its decision to deny NYL's motion to strike as

untimely exhibits Q and R.

The Tenth Circuit has recognized the following grounds as warranting a motion to

---

[15]Docket No. 126, at 21-23.

[16]Docket No. 132.

[17]Docket No. 143.

[18]Docket No. 173.

reconsider under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[19] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . .  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[20]

NYL argues that the Court must reconsider and clarify its order so that the exhibits will not be preserved for consideration by the Tenth Circuit on appeal.  However, NYL does not point to any change in controlling law, new evidence, a need to correct a clear error, or a need to prevent manifest injustice that would cause the Court to reconsider its finding that the issue is moot to its decision to deny Plaintiff's motion for summary judgment.  Therefore, the Court will deny this Motion.

## C.    MOTION FOR RECONSIDERATION

NYL argues that the Court should reconsider its order denying Defendants' motion to recover its attorney's fees as an Interpleader.  In its order, the Court noted that the applicable standard for a discretionary award of attorney's fees to an interpleader plaintiff is as follows:

> "fees are normally awarded to an interpleader plaintiff who (1) is disinterested (i.e., does not itself claim entitlement to any of the interpleader fund); (2) concedes this liability in full; (3) deposits the disputed fund in court; and (4) seeks

---

[19]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005) (second alteration to reflect change in Rule 59) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[20]*Id.*

discharge, and who is [not] in some way culpable as regards the subject matter of the interpleader proceeding."[21]

Under this standard, the Court found that an award of attorney's fees was not justified, reasoning as follows:

> The Court finds such an award inappropriate in this case.  First, Defendants did not file this lawsuit with the Court, only responding with a counterclaim for interpleader once the suit was already filed.  Furthermore, Defendants did not seek to interplead the funds with the Court until March 9, 2011, over nine months after this suit was filed.  Finally, as evidenced by this opinion, there were a number of claims filed by Plaintiff against Defendants directly and Defendants were not merely before the Court as a disinterested interpleader.[22]

NYL argues that the Court should reconsider its order based on three reasons: (1) the term "disinterested" means that the party does not itself claim entitlement to the interpleader fund; (2) NYL moved to deposit the funds in advance of the cutoff for dispositive motions; and (3) failing to award NYL attorney's fees might provide an incentive for claimants to sue insurance companies.[23]

NYL recognizes the standard the Court used, and merely disputes the Court's application of that standard.  NYL presents no new facts.  The Court itself defined "disinterested" as a party who "does not itself claim entitlement to any of the interpleader fund."[24]  The Court considered the timing of Defendants' motion to deposit funds into interpleader.  NYL does not point to any

---

[21]Docket No. 126, at 21 (quoting *Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123, 1995 WL 675368, at *1 (10th Cir. 1995) (unpublished)).

[22]*Id.*

[23]Docket No. 143, at 2-3.

[24]Docket No. 126, at 21.

change in controlling law, new evidence, a need to correct a clear error, or a need to prevent

manifest injustice that would cause the Court to reconsider its order.  Therefore, the Court will

deny this Motion.

D.      MOTION FOR ATTORNEY'S FEES

        NYL claims two grounds for an award of attorney's fees as discovery sanctions pursuant

to Fed. R. Civ. P. 37.  First, NYL claims that an award of attorney's fees must be awarded

pursuant to NYL's motion for protective order because the Court found that the discovery sought

was irrelevant.  Second, NYL claims that an award of attorney's fees should be awarded for

Plaintiff's failure to disclose an expert witness until his reply brief in support of summary

judgment.  These arguments will be considered in turn below.

        1.  MOTION FOR PROTECTIVE ORDER

        Fed. R. Civ. P. 26(c) states that Rule 37(a)(5) applies to the awarding of expenses after a

motion for protective orders.  Although the language of Rule 37(a)(5)(A) describes the sanctions

against a non-moving party when the court grants a motion to compel discovery, the rule is easily

adapted to a granting of a protective order.  Rule 37(a)(5) requires that:

> If the motion is granted—or if the disclosure or requested discovery is provided
> after the motion was filed—the court must, after giving an opportunity to be
> heard, require the party or deponent whose conduct necessitated the motion, the
> party or attorney advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's fees. But the court
> must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially
> justified; or

8

(iii) other circumstances make an award of expenses unjust.[25]

The Court notes that the motion for protective order was previously denied as moot in light of the Court's summary judgment ruling and denial of Plaintiff's motion for an enlargement of time to complete fact discovery.[26]   NYL argues that the language of the Rule provides for an award of fees so long as the relief sought is obtained, regardless of whether the actual motion is granted.   The Court agrees.   The language of the rule states that, in the context of a motion to compel discovery, if the "disclosure or requested discovery is provided after the motion was filed" the Court must award fees.   This implies that so long as the relief sought by the movant is obtained, the Court is justified in awarding fees.   In the context of a protective order, the relief sought by NYL was that it not be required to make the requested disclosures.

Fed. R. Civ. P. 26(c) states that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."   As part of its analysis on Plaintiff's motion for an enlargement of time to complete fact discovery, the Court found that the discovery sought was "irrelevant to any claim that Plaintiff has brought in the current action, or indeed, would have standing to bring."[27]   This was not a close issue.   At that time, the Court declined to analyze whether the discovery sought was so clearly irrelevant that it threatened to subject NYL to annoyance, oppression, or an undue burden. The Court now finds that it was.   Therefore, the Court will grant Defendant NYL's Motion for

---

[25]Fed. R. Civ. P. 37(a)(5).

[26]Docket No. 126, at 22.

[27]*Id.* at 12.

Atttorney's Fees Pursuant to Rules 26 and 37 insofar as they relate to NYL's previous motion for a protective order.

2.  FAILURE TO DISCLOSE

NYL argues that Plaintiff's failure to identify an expert witness or disclose his expert report until Plaintiff attached the report as exhibit Q to Plaintiff's reply brief in support of summary judgment is a violation of Plaintiff's discovery obligations under Fed. R. Civ. P. 26(a) and (e).  As noted above, the Court has denied as moot NYL's motion to strike exhibit Q. Nevertheless, NYL argues that because the report was made more than seven months after the deadline to identify expert witnesses, the Court should award NYL the attorney's fees caused by the failure.

Fed. R. Civ. P. 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . the court . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure."  However, an award of attorney's fees is inappropriate where the non-moving party can demonstrate that the failure to disclose was substantially justified or harmless.[28]  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[29]  The Court's determination of whether or not the violation is harmless is guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the

---

[28]*Hirpa v. IHC Hospitals, Inc.*, 50 F. App'x 928, 931-32 (10th Cir. 2002).

[29]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir. 1995)).

10

party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[30]

In this case, NYL was prejudiced by Plaintiff's late disclosures.  The documents identifying an expert witness and his report were attached to Plaintiff's reply memorandum for a motion for summary judgment and did not allow NYL an opportunity to respond.  Although the Court did not ultimately rely on those documents, NYL could not have known this.  Instead, NYL was forced to deal with an undisclosed expert after a Plaintiff's motion for summary judgment had been fully briefed.  NYL's only option to attempt to cure this prejudice was through its motion to strike.  The Court finds that the disclosure of an expert witness in a reply memorandum nearly seven months after the deadline to identify expert witnesses is a willful violation and unjustified.

Nonetheless, Plaintiff argues that NYL was not harmed because the Court did not ultimately rely on the report.  However, this argument ignores the fees incurred by NYL as a result of having to file a motion to strike.  The Court finds that an award of attorney's fees is an appropriate remedy for this harm.  Therefore, the Court will grant NYL's Motion for Atttorney's Fees Pursuant to Rules 26 and 37 insofar as they relate to NYL's motion to strike the expert report.

---

[30]*Id.*

## III.  CONCLUSION

It is therefore

ORDERED that NYL's Motion Pursuant to Fed. R. Civ. P. 58(e) for its Motions for Attorney's Fees to Have the Same Effect Under Fed. R. App. P. 4(a)(4) as a Timely Motion Under Rule 59 (Docket No. 140) is GRANTED.  It is further

ORDERED that NYL's Motion to Alter Judgment Pursuant to Rule 59(e) (Docket No. 138) is DENIED.  It is further

ORDERED that NYL's Motion for Reconsideration of its Motion to Recover its Attorney's Fees as an Interpleader (Docket No. 143) is DENIED.  It is further

ORDERED that NYL's Motion for Attorney's Fees Pursuant to Rules 26 and 37 (Docket No. 141) is GRANTED.  NYL is directed to submit an affidavit detailing the applicable fee amounts within fourteen (14) days of this order.

DATED   October 26, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge

12