IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARYL P. HOLMAN,<br><br>      Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a Delaware Corporation; NYLINK INSURED AGENCY INCORPORATED, a Delaware corporation,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER AWARDING ATTORNEY FEES<br><br><br><br><br>Case No. 2:10-CV-490 TS |

This matter is before the Court pursuant to the Court's October 26 order granting Defendant New York Life's ("NYL") Motion for Attorney Fees Pursuant to Rules 26 and 37 and ordering that NYL submit an affidavit detailing the applicable fee amounts. NYL has since submitted its affidavit, and Plaintiff opposes the amount requested.

I. BACKGROUND

This case arises out of a dispute over rights to payment pursuant to a life insurance contract on the life of Taylor Holman. Plaintiff Daryl Holman brought claims against NYL for

1

breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.

On May 19, 2011, NYL and Nylink Insured Agency Incorporated filed a joint motion for summary judgment on Daryl Holman's claims against them. In response to this motion, Daryl Holman filed a motion for extension of time to complete discovery. Defendants then filed a motion for protective order, arguing that certain documents that Plaintiff requested in his motion for an extension of time to complete discovery are "not relevant to any claim or defense in this lawsuit."[1]

Plaintiff filed a motion for summary judgment on both his breach of contract and breach of the covenant of good faith and fair dealing claims against Defendants. Finally, Defendants filed a motion to strike as untimely exhibits Q and R attached to Plaintiff's reply memorandum in support of his motion for summary judgment.

On January 26, 2012, the Court issued an order denying Plaintiff's motion for enlargement of completion of discovery, denying Plaintiff's motion for summary judgment, granting in part Defendants' motion for summary judgment, denying Defendants' request for attorney fees as an interpleader, and denying Defendants' motion to strike and motion for a protective order as moot.[2] On May 15, 2012, the Court entered judgment in favor of Defendants.[3] Finally, on October 26, 2012, the Court issued an order finding that Defendant

---

[1] Docket No. 74, at 3.

[2] Docket No. 126, at 21-23.

[3] Docket No. 132.

NYL is entitled to the attorney fees it incurred in its motion for a protective order and its motion to strike.  The Court then ordered NYL to submit the fee affidavit that is at issue here.[4]

NYL seeks an award of $3,786 for its motion to strike, $12,035 for its motion for a protective order, $9,587 for its motion for attorney fees, and $2,205 for fees incurred responding to Plaintiff's objections to its affidavit supporting its fees.  The total of these amounts requested by NYL is $27,613.  NYL has submitted an affidavit supporting these fee amounts and has excluded unrelated amounts.

## II.  DISCUSSION

Defendants argue that the fees at issue are not reasonable under the circumstances.

> When determining what is a reasonable award of attorney fees, the district court must calculate the "lodestar," which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate.  The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates.  In order to prove the number of hours reasonably spent on the litigation, the party must submit meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.  The district court can reduce the number of hours when the time records provided to the court are inadequate.  Finally, the district court must reduce the actual number of hours expended to a reasonable number to ensure services an attorney would not properly bill to his or her client are not billed to the adverse party.
>   When determining the appropriate rate to apply to the reasonable hours, the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation.  The party requesting the fees bears the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.[5]

---

[4]Docket No. 176, at 12.

[5]*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233-34 (10th Cir. 2000) (quotation marks and citation omitted).

Plaintiff does not object to the hourly rates charged by NYL's attorneys, but argues that the number of hours claimed are unreasonable. The Court has reviewed NYL's documentation and finds that the time claimed is both supported and reasonable in light of the circumstances surrounding NYL's motion to strike, motion for a protective order, and the factual and legal arguments raised in opposition to those motions. In addition, the questions surrounding an award of attorney fees were sufficiently complex to require NYL's counsel to expend the documented time and effort.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff is ORDERED to pay $27,613 to Defendant NYL for a reasonable attorney fee.

DATED   December 17, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge